UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 8, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Sherie S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. 21-1032-BAH

Dear Counsel:

On April 27, 2021, Plaintiff Sherie S. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 12, 15, 20, 23. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains why.

## I.  BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on July 3, 2017, alleging a disability onset of January 11, 2017. Tr. 176–77. Plaintiff's claim was denied initially and on reconsideration. Tr. 105–08, 110–11. On February 18, 2020, an Administrative Law Judge ("ALJ") held a hearing (the "Hearing"), attended by Plaintiff, Plaintiff's non-attorney representative, and a vocational expert ("VE"). Tr. 46–70. Following the Hearing, on April 21, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 11, 2017, the alleged onset date. Tr. 18–19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "rheumatoid arthritis; right knee and shoulder degenerative joint disease; degenerative joint disease of the bilateral feet; and degenerative disc disease of the spine." Tr. 19. At step three, the ALJ did not find that Plaintiff had an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 21.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can have occasional exposure to wetness, extreme cold, and extreme heat. She can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, and never be exposed to hazards, such as heights and moving parts.

Tr. 22. At step four, the ALJ determined that Plaintiff was capable of performing past relevant work ("PRW") as a Reservation Agent, as generally performed in the national economy and that such work did not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28–29.

## II.   ANALYSIS

Plaintiff raises two main arguments on appeal, specifically that the ALJ's (1) step-four determination and (2) RFC determination are not supported by substantial evidence. Pl.'s Br. 8–27, ECF 15-2. Plaintiff contends that "the ALJ's denial of benefits relies solely on the step-four conclusion that Plaintiff could perform the requirements of her [PRW] as 'generally performed in the national economy,'" and that such conclusion is "materially flawed in several respects." *Id.* at 10. Plaintiff also contends that the ALJ "fail[ed] to perform a function-by-function assessment of medically determinable mental impairments when determining her RFC in clear contravention of SSR 96-8p[.]" *Id.* at 22. Plaintiff combines the effect of the ALJ's two errors by stating that, "the ALJ never determined on a function-by-function basis how the combination of Plaintiff's non-severe mental and her physical limitations affected her ability to maintain the type of mental functioning required of her [PRW] at step four of the sequential evaluation." *Id.* at 26. Plaintiff therefore asserts that "remand is warranted for the ALJ to determine the combined effect of all of Plaintiff's impairments, both severe and nonsevere, and to elicit vocational testimony in response to a hypothetical that is inclusive of all of Plaintiff's limitations." *Id.* at 29.

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 Fed.Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

According to Social Security Ruling ("SSR") 82-61, "composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." *Id.* at 10 (quoting SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)); *see also* Program Operations Manual System ("POMS") DI 25005.020 ("A composite job does not have a DOT counterpart, so do not evaluate

*Sherie S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-1032-BAH
July 8, 2022
Page 3

it at the part of step 4 considering work 'as generally performed in the national economy.'").[1] This Court recently recognized that "because a composite job does not have a DOT counterpart, the ALJ should not evaluate the job using the 'as generally performed in the national economy' test in the regulations." *Douglas E. v. Kijakazi*, Civil Action No. CBD-20-2126, 2022 WL 684122, at *3 (D. Md. Mar. 8, 2022) (citing *Jacob N. v. Berryhill*, No. 5:17-CV-00057, 2018 WL 4688741, at *6 (W.D. Va. Sept. 28, 2018); SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)). "Instead, the ALJ should consult a vocation expert to assess the overlapping functions of multiple jobs." *Id.*

Plaintiff asserts that the ALJ "completely ignored the [VE's] testimony classifying Plaintiff's [PRW] as a composite job" and that by failing to explain their reasoning, "[t]his error alone warrants remand[.]" *Id.* at 12–13. The Court agrees.

Plaintiff cites to a case in a sister district for guidance on how courts in the Fourth Circuit analyzes composite jobs. *See Shealy v. Colvin*, Civil Action No. 8:13-2383-RMG, 2015 WL 467726 (D.S.C. Feb. 4, 2015) (citing *Plumb v. Astrue*, C/A No. 8:10–3090–RBH, 2012 WL 768058, at *6 (D.S.C. Mar. 7, 2012); *see also Miles v. Astrue*, C/A No. 8:07–3164–RBH, 2009 WL 890651, at *6, 11–13 (D.S.C. Mar. 30, 2008) ("Although it appears that the Fourth Circuit Court of Appeals has not discussed composite jobs and the Commissioner's obligation to determine whether a past job should be considered a composite job, and, if so, how to analyze it properly with regard to Step 4 of the sequential questions, the Court located a few pertinent district opinions."). In *Shealy*, the court analogized the ALJ's failure to discuss whether the plaintiff's past work should have been considered as a composite job to the court's decision in *Plumb*. *Shealy v. Colvin*, Civil Action No. 8:13-2383-RMG, 2015 WL 467726, at *13 ("In *Plumb*, the VE had testified that the plaintiff's work broke down into two DOTs and the plaintiff could not perform the job as actually performed because his prior work involved lifting boxes and other medium work. *Id.* Similarly, the VE in this case stated that Plaintiff's prior job duties as order clerk were always performed with the duties of material handler or store's laborer, and the ALJ also failed to discuss whether the job was a composite job."). The *Shealy* court highlighted that "[t]his is significant because if Plaintiff's past job was in fact a composite job, the POMS would have prohibited the ALJ from deciding whether Plaintiff could perform his past relevant work as it is generally performed." *Id.* Because the ALJ failed to specifically discuss the demands of the DOT analog to their PRW beyond the fact that it is "sedentary and semi-skilled," the court concluded that "[t]he ALJ did not make specific findings of the demands of Plaintiff's past relevant work, and, as such, the ALJ did not adequately comply with SSR 82-62." *Id.*

Here, the ALJ commits the same error as that of the ALJ in *Shealy* such that the ALJ's decision is missing meaningful review at step four. The ALJ's determination that Plaintiff is not

---

[1] "In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact: 1. A finding of fact as to the individual's RFC[;] 2. A finding of fact as to the physical and mental demands of the past job/occupation[; and] 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, at *4. "Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used." *Id.*

*Sherie S. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-1032-BAH
July 8, 2022
Page 4

disabled rests on the finding that Plaintiff can perform past relevant work as a "reservation agent" as that job is performed in the national economy. Tr. 28. As a preliminary observation, the ALJ's decision as to this critical point omits important Hearing testimony from the VE, Plaintiff, and Plaintiff's representative. Tr. 60–68. This omission is fatal to the analysis of Plaintiff's PRW, as it is impossible for me to conclude that the ALJ's finding as to past work is supported by substantial evidence. In fact, the Hearing transcript reveals that the discussion related to past work was far more involved than the cursory discussion in the ALJ's opinion reflects.

The VE stated that Plaintiff "was a customer service coordinator in the travel industry for the airlines in particular." Tr. 60. The VE "was unable to find a customer service coordinator in that industry," so she "created a composite DOT[2] description, one is a customer service manager for business services, and then the other as a reservation agent, which does all the ticketing and gate work and that sort of thing." Tr. 60–61. The ALJ interjected to ask Plaintiff to clarify her work history, ensuing in the following dialogue:

> ALJ: I understand you had a couple of different jobs over the years. One as a customer service coordinator and then you worked as a customer service agent?"
>
> Pl.: Prior to being a coordinator, yeah, but I have been in the field for 24 years.
>
> ALJ: Yeah, I don't want to hear that, just no, I just want to know, so you did these two different jobs?
>
> Pl.: Yes.
>
> ALJ: Okay. I thought the customer service agent was the most recent job?
>
> Pl.: That was the most recent, that's what I stepped down to after being the coordinator. . . .
>
> ALJ: [ ] And as an agent, what did you do?
>
> Pl.: As an agent, I had to process passengers, heavy lifting, I had –
>
> ALJ: Okay. But where were you, when we walk into the airport, are you the one that we check our bags with?
>
> Pl.: Yes, and also the one that that's at the gate, like it's a . . . full responsibility of checking to the ending procedure to when you're boarding the flight as an agent. So, you can be at the check-in where you get your tickets one day and . . . you can

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

>   be at the gate.
>
>   . . .
>
>   ALJ: Okay. So we got that one job there.

Tr. 61–62. The ALJ returned to the VE and said, "I think it's two different jobs," to which the VE answered, "Yes, Your Honor." Tr. 63. The ALJ then asked the VE how Plaintiff's two former jobs of "customer service agent" and "customer service coordinator" would be classified. Tr. 63. The VE testified that the "customer service agent" job would be classified as "reservation agent," which is:

>   [S]emiskilled with an SVP [Specific Vocational Preparation] of 4 and sedentary, although, as we all know, they don't sit down, they're standing behind the gate, so it's a given that it was performed at light . . . . [J]obs in the DOT are representative, so this job was observed with someone sitting in an office and not behind a gate -- a desk. So, I would say that would have been light. However, this claimant actually would handle luggage, people check in, they check in their luggage, the person behind the desk has to help get that onto the conveyor belt so she has indicated lifting of up to 100 pounds and that would have made it heavy as performed.

Tr. 63–64. Despite the VE recognizing the overlapping functions between a reservation agent pursuant to the DOT and Plaintiff's most recent past work as a customer service agent, the ALJ's decision inaccurately concludes that the hearing testimony cleanly establishes that Plaintiff's PRW equates to a job listed in the DOT rather than as a composite job.

The VE then explained that since the second job of "customer service coordinator" does not exist in the DOT, she classified it as "customer service manager" because it "was the best description." Tr. 64. The ALJ ultimately found that Plaintiff could not perform this second job as a "customer service manager," but instead determined that someone with Plaintiff's residual functional capacity would be able to perform the job of "reservation agent," as it is generally performed in the national economy.

In making this finding, the ALJ asked the VE two hypotheticals. The first hypothetical assumed "an individual 48 now, 45 at the alleged onset date with a one-year post-secondary education and past work as you have set forth, assuming those facts to be accurate," and applied the ALJ's ultimate RFC determination. Tr. 65. The VE responded that Plaintiff would not be able to perform past work as she previously performed it. Tr. 66. "The reservation agent is classified as sedentary, because they were considering someone who does that work from a desk behind a computer and telephone and assist customers that way." Tr. 66. However, when the ALJ asked if the job could be performed per the DOT, the VE answered that it could. Tr. 66. In the ALJ's second hypothetical, he adopted the same scenario from the first but added the possibility of missing two days a month. Tr. 66. The VE responded that if the absences are a chronic situation, it would preclude work, otherwise, it would not. Tr. 66–67.

Akin to the findings in *Douglas E.* and *Shealy*, the ALJ in the present case not only failed

to discuss whether Plaintiff's past job was, in fact, a composite job, but failed to mention "composite job" even once. This omission came despite ample evidence from the hearing testimony that Plaintiff's past work is better described as a composite job, warranting remand.

The ALJ also failed to describe how Plaintiff would be able to work as a reservation agent as it is generally performed in the national economy. *See* Tr. 28 ("The [VE] responded that a person with the claimant's [RFC] would be able to perform the claimant's [PRW] as a Reservation Agent, as generally performed in the national economy."). More specifically, the ALJ failed to discuss the demands of a reservation agent besides that it is usually performed as sedentary and has a skill level of 4, Tr. 28. As such, the ALJ has not adequately complied with SSR 82-62 and remand is warranted. "The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR 82-62, at *3. "Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62, at *3. As explained above, the Court finds that remand is necessary because the ALJ failed to "develop[] and explain[] fully" how Plaintiff retains the functional capacity to perform PRW. On remand, the ALJ must thoroughly explain how Plaintiff retains the RFC to perform her PRW as a reservation agent as the job is generally performed in the national economy.

Because the case is being remanded on other grounds, I need not address Plaintiff's argument regarding the ALJ's failure to support their RFC determination with substantial evidence. However, on remand, the ALJ can, and should, consider this argument and make any required adjustments to the decision.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED and Defendant's Motion for Summary Judgment, ECF 20, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge